## 1

Antonio MARTINES v. STATE. (No. 11315.) Court of Criminal Appeals of Texas. Jan. 4, 1928. Appeal from District Court, Lubbock County; Homer L. Pharr, Judge. Marshall & Stewart, of Lubbock, for appellant. A. A. Dawson, State's Atty., of Austin, for the State.

HAWKINS, J. Appellant is under conviction for selling intoxicating liquor; punishment being one year in the penitentiary. The sole contention is that the evidence is insufficient, and this seems to be based on the claim that appellant was acting as agent for the purchaser. Two officers were together. The purchase of the whisky from appellant was made by one of them in the presence of the other. If their evidence did not entirely exclude the idea of agency, it was amply sufficient to justify the jury in finding against appellant's claim that he was not interested in the sale, and only acted as accommodation agent for the purchaser. Appellant's evidence raised the issue, and it was properly submitted to the jury. The issue was one purely of fact, and, the evidence being sufficient to justify the finding of the jury in favor of the state, we do not feel called upon to disturb the verdict. The judgment is affirmed.

## 2

B. S. PETTYJOHN v. STATE. (No. 11290.) Court of Criminal Appeals of Texas. Jan. 18, 1928. Appeal from Jack County Court; H. C. McClure, Judge. C. H. Henley, of Fort Worth, for appellant. A. A. Dawson, State's Atty., of Austin, for the State.

LATTIMORE, J. Conviction in county court for swindling; punishment, 3 months' confinement in the county jail. By complaint and information appellant was charged with the giving of a check upon a bank in which he had no funds. The record shows abundantly his representations to the effect that he had money in the bank at the time the check was given, and in reliance on such representations by the owner of the money he delivered same to appellant in exchange for said check. There are no bills of exception in the record, and no proper complaint of any procedure had upon this trial. The evidence seems sufficient to support the judgment. Finding no error in the record, the judgment will be affirmed.

## 3

B. G. UNDERWOOD v. STATE. (No. 11293.) Court of Criminal Appeals of Texas. Jan. 25, 1928. Appeal from Collingsworth County Court; R. H. Templeton, Judge. W. M. Tucker, of Wellington, for appellant. A. A. Dawson, State's Atty., of Austin, for the State.

MORROW, P. J. The conviction is for child desertion; punishment fixed at a fine of $100 and confinement in the county jail for a period of 60 days. There are no bills of exceptions. A recital of the facts is deemed unnecessary. The evidence is sufficient to show that the appellant deserted his 3 year old child, W. R. Underwood; that he left him in destitute circumstances and had willfully failed to contribute to his support. The verdict of the jury, finding the appellant guilty of the charge, is supported by the evidence. The judgment is affirmed.

## 4

Joe WELLS v. STATE. (No. 11550.) Court of Criminal Appeals of Texas. Jan. 4, 1928. Appeal from District Court, Carson County; A. L. Shirley, Special Judge. James Spiller, of Panhandle, for appellant. A. A. Dawson, State's Atty., of Austin, for the State.

HAWKINS, J. Appellant was convicted for receiving and concealing stolen property, and his punishment fixed at 2 years in the penitiary. He has presented to this court his affidavit indicating his desire to withdraw his appeal. In compliance with his request, the appeal is ordered dismissed.

## 5

G. D. GIBSON v. STATE. (No. 11515.)

Court of Criminal Appeals of Texas. Dec. 21, 1927.

Appeal from District Court, Collin County; F. E. Wilcox, Judge.

H. H. Neilson, of McKinney, for appellant.
A. A. Dawson, State's Atty., of Austin, for the State.

LATTIMORE, J. Conviction for swindling; punishment, three years in the penitentiary. We find in the record an affidavit in proper form requesting that the appeal be dismissed. The request is granted.

The appeal is dismissed.